IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS SHIPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-126-GMS |
| | ) |
| TD BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 24th day of March, 2014, having considered the pending motions (D.I. 18, 22.)

## I. MOTION FOR CHANGE OF VENUE

The plaintiff, Dennis Shipman ("Shipman") moves to transfer venue to the United States District Court for the District of Maryland under 28U.S.C. § 1404(a). (D.I. 24.) Section 1404(a), however, allows the court to transfer an action only to a "district or division where it might have been brought." 28 U.S.C. § 1404(a). Accordingly, the court may only grant Shipman's motion to transfer to the District of Maryland if venue would have been proper there and if that district court could have exercised personal and subject matter jurisdiction in this action. As the movant, Shipman carries the burden of demonstrating that this action could have been brought originally in the District of Maryland. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995); *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 724 (D. Del. 2012).

The court finds that Shipman has failed to meet this requirement, as he has provided no indication that a Maryland court could have exercised personal jurisdiction over the defendant, TD Bank, N.A. ("TD Bank") at the time this action was commenced. Shipman's filings indicate

that TD Bank is located in New Jersey (D.I. 2). Absent from Shipman's motion and, indeed, the rest of the docket, is any suggestion that TD Bank had sufficient "minimum contacts" with Maryland to allow for the exercise of personal jurisdiction in that forum. Therefore, the court will deny the motion to change venue. (D.I. 18.)

## II. MOTION FOR RECONSIDERATION

Shipman moves for reconsideration of the March 30, 2013 order that granted in part and denied in part TD Bank's motion to dismiss. (D.I. 23.) TD Bank opposes the motion.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

The plaintiff has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's March 30, 2013 order. Therefore, the court will deny the motion for reconsideration. (D.I. 23.)

## III. CONCLUSION

IT IS THEREFORE ORDERED, as follows:

1. The plaintiff's motion for a change of venue is **denied**. (D.I. 18.)

2

2. The plaintiff's motion for reconsideration is **denied**. (D.I. 23.)

3. The plaintiff's shall provide evidence regarding subject matter jurisdiction as set forth in the court's March 30, 2013 order (D.I. 21) within **fourteen (14) days** from the date of this order or the complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). There will be no extensions.

_____
CHIEF, UNITED STATES DISTRICT JUDGE